HELEN DZIADOSC, BY HER NEXT FRIEND, FRANK DZIA-
DOSC, AND FRANK DZIADOSC, INDIVIDUALLY, PLAIN-
TIFFS, v. AMERICAN CASUALTY COMPANY, A CORPO-
RATION OF THE STATE OF PENNSYLVANIA, DEFEND-
ANT.

Decided January 12, 1934.

For the plaintiffs, *Armstrong & Mullen* (*Arthur C. Mul-len,* of counsel).

For the defendant, *Coult, Satz & Tomlinson* (*John J. Francis,* of counsel).

PORTER, S. C. C.   This case was tried by the court without a jury, by agreement of the parties.

The facts not in dispute are that the infant plaintiff Helen Dziadosc was injured by Charles Keir while he was operating his automobile on October 29th, 1927.   Suit was brought by the plaintiffs against Keir in the Hudson County Circuit Court, and on March 12th, 1931, verdicts were recovered against him by the plaintiff Helen Dziadosc in the amount of $3,000 and costs and by the plaintiff Frank Dziadosc in the amount of $100.   Neither judgment has been paid.   Execution was issued and was returned unsatisfied.   The writ of execution was introduced in evidence written on the back of it are the words "returned unsatisfied at the request of plaintiffs' attorney."

It further appears that at the time of the accident a policy of insurance was in force, issued by the defendant, insuring

Keir against loss from certain liability in the operation of his automobile. One of the provisions of the insurance policy reads as follows:

"This policy does not cover the assured, (3) if rented or leased to others, or used to carry passengers for a consideration, actual or implied."

The defendant disclaimed liability under the policy and returned the premium to Keir.

Another provision of the policy follows:

"IX. Insolvency or bankruptcy of the assured hereunder shall not release the company from the payment of damages for injuries sustained or loss occasioned during the term of this policy, and in case execution against the assured is returned 'unsatisfied' because of such insolvency or bankruptcy * * * then an action may be maintained by the injured persons * * * against the company, under the terms of the policy, for the amount of the judgment in said action, not exceeding the limit of the company's liability as specified herein."

At the close of the plaintiffs' case the defendant moved for a nonsuit on the ground that there was no proof of the insolvency or bankruptcy of the assured or the return of an execution unsatisfied because of such insolvency or bankruptcy. Decision was reserved on this motion.

The defendant then offered to prove through Charles W. Linfonte, an employe of the defendant, that Mr. Keir had advised him on November 14th, 1927, that at the time of the accident he was taking some friends home from work in his automobile, and that they had each paid him $1 every week for gas and oil. A written, signed statement by Keir, dated November 14th, 1927, to the same effect was introduced in evidence.

Counsel for the plaintiff objected to the testimony of Mr. Linfonte and to the admission of the statement, on the ground that the same was hearsay. Decision on those objections was reserved.

Briefs have been submitted on the matters as to which decision was reserved, and the court has considered those briefs.

If it be true that Keir violated the terms of the policy by transporting passengers for a consideration at the time of the accident, there would be no liability on the part of the insurance company under the terms of its policy to Keir. Certainly in that event third parties could have no possible rights against the company under the policy.

The admissibility of the testimony of Mr. Linfonte, therefore, goes to the very core of the question at issue—the liability of the defendant to the plaintiffs. If Keir were a party to this suit, the testimony would clearly be admissible. While he is not actually a party, the plaintiffs stand in privity to him and derive whatever rights they have by reason of such privity. For the purpose of determining the issues here and the rights of the parties, the situation is as though Keir were a party. Therefore, the testimony is admissible and binding on the plaintiffs. Being admissible, it is competent because it is an admission against the interest of Keir, who is privy with the plaintiffs as above stated, and is also competent to establish the fact of the carrying of passengers for a consideration.

Having reached this conclusion, which is dispositive of the issue, it is unnecessary to pass on the other questions raised at the trial.

Counsel for the defendant argues an additional ground for judgment—namely, that this suit was not instituted within sixty days after the entry of final judgment against the assured, and is therefore not maintainable under one of the provisions of the policy. This defense was not set up in the answer, and counsel asks for leave to file an amended answer setting it up. Counsel for the plaintiff objects. Perhaps, in view of my above conclusion, the matter may now be of no importance. However, as this new defense is solely a matter of law and requires no additional testimony, I feel that the amendment should be allowed so that in the event of any further proceedings in this suit the entire matter as argued before me may be available. The amendment will be allowed.

Judgment will be in favor of the defendant and against the plaintiffs.